IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| EMMA VERRILL,<br><br>                Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC,<br><br>                Defendant. | Case No. _____<br><br><br>**NOTICE OF REMOVAL** |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE:**

**PLEASE TAKE NOTICE** that Defendant, General Motors LLC (õGMö), by and through its attorneys, hereby gives notice that this action is removed from the Superior Court of Cumberland County, Maine to the United States District Court for the District of Maine, pursuant to 28 U.S.C. §§ 1441 and 1446.  In support of this removal, and for the purpose of removal only, GM states as follows:

**DIVERSITY AND AMOUNT IN CONTROVERSY**

1. On or around June 25, 1014, Plaintiff filed a Complaint in the Superior Court of Cumberland County, Maine, Case No. CV-14-288.

2. The parties to this action are of diverse citizenship:

    A. Plaintiff Emma Verrill is a citizen of the State of Maine.

    B. Defendant GM is a Delaware limited liability company with its principle place of business in Detroit, Michigan.  GM is 100% owned by General Motors Holdings LLC, also a Delaware limited liability company with its principle place of business in Michigan.  General Motors Holdings LLC is 100% owned by General Motors Company, a Delaware corporation with its principle place of business in Michigan.

3. The matter in controversy exceeds $75,000.00 in value exclusive of interest and

costs, as the Complaint alleges that plaintiff suffered severe third-degree burns, permanent bodily impairment and scarring, and received extensive medical care. Plaintiff alleges that she has sustained permanent disability, pain and inconvenience, loss of enjoyment of life, mental anguish, depression and anxiety. Plaintiff further alleges that she has required hospitalization and extensive medical treatment and will require future medical care, including invasive surgery, and has suffered and will suffer loss of wages. *See* Complaint, ¶¶ 28, 37, 38, 53, 54, 59, 60, and 67. In determining whether the "amount in controversy" requirement has been met, the First Circuit applies the "legal certainty" standard which holds that remand is only appropriate if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Ortega v. Star-Kist Foods, Inc*., 370 F.3d 124, 127 (1st Cir. 2004) (overruled on other grounds)(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-289 (1938)). Stated differently, in order to properly remand it must be apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover an amount in excess of the jurisdictional amount. Based on the nature of Plaintiff's claimed injuries and expenses, including allegations of permanent disability, and based on experience, information and belief, the amount in controversy can reasonably be said to exceed $75,000.00, the jurisdictional minimum required by 28 U.S.C. § 1332(a).

## JURISDICTION

4. Based upon the aforementioned, this District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of fees and costs. For these reasons, the action is removable to this District Court by virtue of the provisions of 28 U.S.C. § 1441(a).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Superior Court of Cumberland County, Maine which lies within the United States District Court for the District of Maine. 28 U.S.C. § 93(a)(1).

6. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court over which the United States District Court has original jurisdiction may be removed to the District Court embodying the place where such action is pending. Because Plaintiff's Complaint was originally filed in the Superior Court of Cumberland County, Maine, this District Court has removal jurisdiction over the matter.

## TIMING OF REMOVAL

7. GM first received a copy of the Complaint on June 26, 2014. Thus, removal is timely under 28 U.S.C. § 1446(b) because GM filed this Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

8. Moreover, in accordance with 28 U.S.C. § 1446(a), a copy of the pleadings served upon GM in the state court action is attached hereto as Exhibit A. The only orders entered to date by the state court were to allow Motions to Appear *Pro Hac Vice* filed by plaintiff's counsel for admission of Karen C. Dyer, an attorney practicing in Florida with the firm of Boies, Schiller & Flexner LLP, and Nicholas A. Gravante, Jr., an attorney practicing in New York with the same firm. The Motions to Appear *Pro Hac Vice* were allowed on June 30, 2014.

9. A copy of this Notice of Removal will be filed promptly with the Clerk of the Court of the Superior Court of Cumberland County, Maine, in accordance with 28 U.S.C. § 1446(d).

DET01\1354493.1
ID\MPC - 019956\0999

WHEREFORE, General Motors LLC, by its counsel, remove the subject action from the Superior Court of Cumberland County, Maine, to the United States District Court for the District of Maine.

Dated:  July 16, 2014                                     Respectfully submitted,

                                                 **GENERAL MOTORS LLC**

By:  */s/   Holly M. Polglase*
      Holly M. Polglase, Maine Bar No. 6941
      */s/   Dianne E. Ricardo*
      Dianne E. Ricardo, Maine Bar No. 5106
      HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
      265 Franklin Street, 7th Floor
      Boston, MA  02110
      Tel: (617) 728-0050
      Fax: (617) 728-0052
      Email: hpolglase@hermesnetburn.com
             dricardo@hermesnetburn.com

## **CERTIFICATE OF SERVICE**

I, Holly M. Polglase, hereby certify that on July 16, 2014, a true and correct copy of this document was filed electronically and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first-class mail to all non-registered participants, if any.

                                                 */s/ Holly M. Polglase*
                                                 Holly M. Polglase